IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 23-cv-02094-DDD-SBP

HAVANA AUTO PARTS, INC., a Colorado corporation,

    Plaintiff,

v.

WESTERN LOGISTICS, INC., d/b/a DILIGENT DELIVERY SYSTEMS, a Texas corporation,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION FOR DEFAULT JUDGMENT

Plaintiff Havana Auto Parts, Inc. filed an application asking this court to confirm an arbitration award in favor of Havana and against Defendant Western Logistics, Inc., d/b/a Diligent Delivery Systems. Doc. 1. Western waived service in this case, Doc. 5, but never answered or otherwise responded to the Application. Havana moved for default judgment. Doc. 11. Its motion sought judgment for "the principal amount of $123,505.02"; "$14,265.67 in prejudgment interest pursuant to C.R.S. § 5-12-102 at the rate of 8% *per annum* compounded annual for the period from January 19, 2022 through June 30, 2023, the date of the Final Award of Arbitrator;" and "post-judgment interest at the rate of 8% *per annum*." *Id*.

Judge Prose carefully reviewed the record and governing law and issued a recommendation that the motion be granted and judgment be entered as requested. Doc. 20. Havana timely filed an objection, even though the recommendation agreed with its requested relief. Havana

- 1 -

argued that the cutoff date of the prejudgment-interest award should end at entry of judgment, not at the date of the final arbitration award. Doc. 22. No other objections were filed by any party.

## LEGAL STANDARDS

A district judge conducts de novo review of those portions of the magistrate judge's recommendation to which the plaintiff has objected. Fed. R. Civ. P. 72(b)(3); 18 U.S.C. § 636(b)(1). As to the portions of the recommendation to which no timely objection has been made, a district judge may review the magistrate judge's factual and legal conclusions under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Upon review, I "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 18 U.S.C. § 636(b)(1).

## DISCUSSION

Havana candidly "acknowledges that it mistakenly requested pre-judgment interest from the January 19, 2022 through the date of the Award, June 30, 2023, and inadvertently failed to request that pre-judgment interest be calculated through the date of entry of Judgment." Doc. 22 at n. 1. And it notes that, "[a]lthough the Arbitration Award does not specifically state that pre-judgment interest will accrue to the date of entry of any judgment confirming the Award, Plaintiff believes language of the Award contemplates allowance of pre-judgment interest through the entry of a final judgment confirming the Award." *Id.* at 3.

I do not necessarily disagree. I nevertheless overrule the objection and adopt Judge Prose's recommendation. First, objections to recommendations, even under de novo review, are meant to give parties a chance to point to errors made by the magistrate judge, not an invitation

to redo their own errors or oversights. *Gilbert v. United States Olympic Committee*, 423 F.Supp.3d 1112, 1125 (D. Colo. 2019) ("Parties may not raise in their objections any novel arguments that they did not raise before the magistrate judge. Such arguments are deemed waived.") (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1995)). Second, while Havana's new reading of the arbitrator's award is plausible, it is not the only possible reading of it, and the sworn declaration of its own Executive Vice President filed in support of the motion for default judgment also attested to the original understanding. See Doc. 11-1. Finally, Havana's motion does not offer any reason to think the original request was contrary to law and there is no reason to think that it manifests an injustice. The objection is therefore overruled. As no other portion of the Report and Recommendation was objected to, I adopt it in full.

## Conclusion

Judge Prose's Recommendation (Doc. 20) is **ACCEPTED** and **ADOPTED**;

Plaintiff's Motion for Default Judgment (Doc. 11) is **GRANTED**;

Havana's Application to Confirm Award of Arbitrator (Doc. 1) is granted, and pursuant to 9 U.S.C. § 9, the Final Award issued by the American Arbitration Association in AAA Case number 01-22-0004-6775 on June 30, 2023, in favor of Havana is confirmed;

Judgment is entered in favor of Plaintiff Havana Auto Parts, Inc. and against Defendant Western Logistics, Inc. d/b/a Diligent Delivery Systems.

**IT IS FURTHER ORDERED** that Plaintiff is awarded:

1. the principal amount of $123,505.02;

- 4 -

2. $14,265.67 in prejudgment interest pursuant to C.R.S. § 5-12-102 at the rate of 8% *per annum* compounded annual for the period from January 19, 2022 through June 30, 2023, the date of the Final Award of Arbitrator; and

3. post-judgment interest at the rate of 8% *per annum*, which interest continues until satisfaction thereof.

DATED: July 26, 2024                BY THE COURT:

_____
Daniel D. Domenico
United States District Judge